UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON GERHARD, : | |
| : | |
| Petitioner, : | Civ. No. 15-6095 (RBK) |
| : | |
| v. : | |
| : | **OPINION** |
| MARK A. KIRBY, : | |
| : | |
| Respondent. : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be summarily dismissed for lack of jurisdiction.

## II. BACKGROUND

Petitioner was convicted of several counts after a jury trial in the United States District Court for the District of New Hampshire. Among the counts that petitioner was convicted of was one count of possession of a firearm and/or destruction devices in connection with a crime of violence in violation of 18 U.S.C. § 924(c). Petitioner states that he was sentenced to 108-months imprisonment on this count. The United States Court of Appeals for the First Circuit affirmed the judgment and conviction on direct appeal. *See United States v. Gerhard*, 615 F.3d 7 (1st Cir. 2010).

Petitioner then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The District of New Hampshire dismissed the § 2255 motion on the merits on

April 19, 2012. *See Gerhard v. United States*, No. 11-0498, 2012 WL 1367528 (D.N.H. Apr. 19, 2012).

In 2014, petitioner filed two applications to file a second or successive § 2255 motion with the First Circuit. Petitioner explains that he argued in those applications that the 108-month sentence he received for the § 924(c) conviction violated the Supreme Court's ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The First Circuit denied these requests in 2014.

In August, 2015, petitioner filed the instant § 2241 habeas petition. He asserts that his 108-month sentence was forty-eight months above the five year mandatory minimum. He claims that at no point did the sentencing judge allege that the petitioner brandished a firearm during his crime such that he is factually innocent of the forty-eight month enhancement for the aggravated crime. As in his applications to file a second or successive § 2255 motions before the First Circuit, petitioner also appears to reliy on the Supreme Court's decision in *Alleyne* to support this federal habeas petition.

### III. STANDARD FOR *SUA SPOTNE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)).

Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

## IV.    DISCUSSION

Petitioner is challenging the sentence he received in the District of New Hampshire in this § 2241 federal habeas action. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle,* 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ...§ 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to

use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil,* 119 F.3d 245, 251–52 (3d Cir.1997)).

In *Dorsainvil,* the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke,* 307 F.3d at 120 (citing *Dorsainvil,* 119 F.3d at 251).

Petitioner argues that the District of New Hampshire erred in increasing his sentence beyond the mandatory minimum because the sentencing judge did not make a finding that he brandished the weapon. Petitioner does not allege facts which bring him within the *Dorsainvil* exception. Petitioner does not allege in the instant habeas petition that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Petitioner's claim is that he was improperly given a sentencing enhancement. Such an argument is insufficient to fall within the *Dorsainvil* exception as it relates to an argument that petitioner is factually innocent of a sentencing enhancement as opposed to being factually innocent of the crime for which he was convicted. *Accord United States v. Brown,* 456 F. App'x

4

79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted); *Selby v. Scism,* 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth,* No. 13–0101, 2013 WL 141441, at *2 (D.N.J. Jan.11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted—possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States,* No. 12–1545, 2012 WL 5199167, at *5 (D.N.J. Oct.19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Petitioner also alludes to the Supreme Court decision in *Alleyne* in this habeas petition. However, to the extent that petitioner is attempting to rely on *Alleyne*, it does not fall within the *Dorsainvil* exception to permit this § 2241 habeas petition to move forward. Indeed, as the Third Circuit has stated:

> [Petitioner] cannot avail himself of the [*Dorsainvil* ] exception in this case. As noted above, he relies on the Supreme Court's decision in *Alleyne* to support his petition. *Alleyne* is essentially an extension of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000): in *Apprendi,* the Court held that under the Fifth And Sixth Amendments, "[o]ther than the fact of a

> prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi,* 530 U.S. at 490, and in *Alleyne,* the Court held that the same rule applies also to "facts that increase mandatory minimum sentences," *Alleyne,* 133 S. Ct. at 2163. We have held that, "§ 2255[i]s not inadequate or ineffective for [a prisoner] to raise his *Apprendi* argument," *Okereke,* 307 F.3d at 121, and there is no basis to treat claims brought under *Alleyene* differently.

*Sacksith v. Warden Canaan USP,* 552 F. App'x 108, 109 (3d Cir. 2014) (per curiam); *see also Oliver–Diaz v. Warden Fort Dix FCI,* 562 F. App'x 65, 66 (3d Cir. 2014) (per curiam). Similar to *Sacksith,* petitioner's reliance in *Alleyene* in this case does not warrant finding that this case falls within the *Dorsainvil* exception to establish jurisdiction. *Accord Sacksith,* 552 F. App'x at 109. Therefore, petitioner improperly relies on § 2241 in raising his sentencing enhancement claim.

  Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the First Circuit as a request to file a second or successive § 2255 motion. *See United States v. Winkelman,* 746 F.3d 134, 136 (3d Cir. 2014) (finding that *Alleyne* does not apply retroactively to cases on collateral review). Indeed, petitioner has already filed two unsuccessful applications to file a second or successive § 2255 motion in the First Circuit.

6

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed due to a lack of jurisdiction. An appropriate Order will be entered.


DATED: September 8, 2015

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge